JONES, Justice:
The Workmen’s Compensation Commission allowed appellee temporary total disability from November 17, 1962, through May 8, 1964, and held that he suffered permanent partial disability resulting in loss of wage earning capacity in the amount of $20.00 per week when his average weekly wage was $52.87.
The Commission allowed all medical expenses, except such as were incurred in the treatment of appellee’s ulcer.
On appeal, the Circuit Court of Marion County affirmed the Commission in all matters except as to the medical expenses for treatment of the ulcer. As to this issue, *864 the court reversed and allowed such expenses.
The case comes here on further appeal, and we affirm the circuit court’s action.
Appellant says the order of the Commission in awarding benefits was not supported by substantial evidence and that the circuit court erred in allowing medical expenses for treatment of the ulcer.
Appellee was operating a cutoff saw on November 8, 1962, when injured. Appellee testified he missed no work in 1962 prior to this occasion, and that his back was in “A-1” condition. Masonite, which he was cutting, was being stacked on a flat by Charles Clark, another employee. Appellee, conceiving that the flat was too far from him, reached and pulled one end while Clark slid the other end closer. When he caught the flat and twisted to pull, he said it felt like something shot him, and it made him sick and he had a burning sensation- — mostly in the upper part of his right hip. He reported the incident and the Company sent him to Dr. Charles Bass. He was given a prescription for two bottles of pills and was told to take the pills and go ahead and work. He did work a week and later went to see Dr. Jerry Fortenberry.
As to the happenings at the cutoff saw, Appellee’s testimony was corroborated by Charles Clark.
Dr. Fortenberry saw appellee on November 19, 1962, and the patient was nauseated and had pain in his abdomen, back, and legs.
Dr. Fortenberry admitted him to the Marion County General Hospital and diagnosed his trouble as a possible herniated disc and an active gastric ulcer. When asked what effect the back injury had on the ulcer, the doctor said that it was certainly possible that the back injury aggravated the ulcer and certainly precipitated it. Appellee was put in traction and on an ulcer diet, with sedatives and analgesics. The doctor said he was unable to relieve the pain entirely, because of the stomach condition. There was pain in the stomach and in his back, together with headaches. Dr. Fortenberry referred appellee to Dr. Attix, an orthopedic specialist who agreed with Dr. Fortenberry’s diagnosis. Appellee was kept in traction and a brace was ordered for his back. Dr. Fortenberry said appellee had reached maximum medical recovery, but still has pain and discomfort in his back. He further testified that, in his opinion, appellee could do absolutely no physical labor because of his back and that this condition would continue indefinitely.
Dr. Edward A. Attix saw appellee on November 27, 1962, and was offered as a witness by appellants. His testimony disclosed a narrowing of the lower lumbar disc spaces, together with some hypertrophic changes consistent with his age. The final result of his treatment was lumbosacral fusion.
Dr. Attix recommended that appellee not return to work involving heavy lifting or bending and felt that appellee had a twelve (12%) percent permanent physical impairment of the whole man.
There was, as usual, some conflicts, but we think there was substantial evidence to support the findings of the Commission.
 The proof was that the ulcer was precipitated into activity by the injury and the evidence conclusively shows that treatment thereof was required for the process of recovery (Miss.Code Ann. § 6998-08 (1952)) and allowance of the medical expenses therefor was proper. Sanders v. B. E. Walker Construction Co., 251 Miss. 352, 169 So.2d 803 (1964).
Affirmed.
ETHRIDGE, C. J., and BRADY, IN-ZER and ROBERTSON, JJ., concur.