388 So.2d 164 (1980)
Shirley A. SEGAR
v.
GARAN, INC. and Insurance Company of North America.
No. 52156.
Supreme Court of Mississippi.
September 24, 1980.
Jan R. Butler, Butler & Butler, Eupora, for appellant.
Velia Ann Mayer, Watkins & Eager, Jackson, for appellees.
Before ROBERTSON, P.J., LEE and BOWLING, JJ.
LEE, Justice, for the Court:
The administrative law judge entered an order awarding compensation benefits to Shirley A. Segar being temporary total disability from April 9, 1976, to August 16, 1976, and five percent (5%) permanent partial benefits for the lost use of her right hand, which order was affirmed by the full Commission. On appeal to the Circuit Court of Webster County by Garan, Inc. [Garan] and Insurance Company of North America, the circuit judge reversed the order of the Commission and denied compensation. Mrs. Segar has appealed.
The evidence for the claimant consists of her testimony, the deposition of Dr. Glen Warren, a neurosurgeon who performed surgery on claimant's right hand, and letters from Dr. Charles Ozborn, a physician, who first saw and diagnosed her injury.
Appellant testified that she worked for Garan approximately three (3) years as an inseam machine operator and that she stuck her thumb into the seamer, felt a sharp pain, and that day notified her supervisor of the accident. Her hand, wrists and arm began to weaken in the period of time following the episode and she was operated on May 18, 1976. She has not worked since the operation, although she was released for work on August 15, 1976.
The real question in this case is whether or not there is substantial evidence to show a causal connection between claimant's injury and her employment. Dr. Glen Warren, in his deposition, established the fact that claimant incurred a disability and that her permanent partial disability is five percent (5%) of the hand. However, questions were not asked Dr. Warren as to whether or not he could relate that injury to claimant's work.
Dr. Ozborn, who made the original diagnosis, wrote a letter to claimant's attorney on November 12, 1977, which letter was introduced in evidence. Pertinent parts of the letter follow:
"This patient was first seen in this clinic on April 2, 1976, complaining of swelling *165 and numbness in her right hand. A diagnosis of Carpal Tunnel Syndrome was made and she was treated with Tanderil and Deltasone which are anti-inflammatory agents used in the treatment of this disorder... . The initial diagnosis of Carpal Tunnel Syndrome was continued, this being an inflammatory disorder in which the tendons in the wrist area which are bound down by ligaments in a band like fashion surrounding the wrists [become inflamed] due to excessive use especially that might be seen with factory type work where one movement, motion, or job is done continuously causing the reaction to begin. There is no notation in our office records as to the patient relating this to her work; however, it was noted that she was a seamstress and that she has not been able to do her work as well and was aware that her index finger was numb and not functioning well ...

In my opinion, I think that it is entirely possible that this patient's initial problem did begin as a result of her work ..." (Emphasis added)
Also introduced in evidence were notes on the prescription forms of Dr. Ozborn. On April 2, 1976, he wrote the following:
"Mrs. Segar has a compression of the median nerve of her right hand-this causes numbness and weakness of that hand. This will probably be corrected with medicine but could possibly require surgery if a rapid response is not achieved. At any rate, full recovery is expected. She should be able to work by Monday." (Emphasis added)
Appellant did require surgery. The appellee argues that courts deal with medical probabilities rather than medical possibilities and that the medical evidence, together with lay testimony, are not sufficient to establish causal connection between appellant's injury and her employment.
In Dixie Contractors, Inc. v. Ashmore, 349 So.2d 532 (Miss. 1977), in discussing the principle, the Court said:
"Objection of the appellants that the language `could have' speaks only to possibility rather than probability merits discussion because our rule is that medical testimony, to sufficiently support causation, must be more than mere conjecture. Pertinent to this aspect of the present case is the following excerpt from 3 A. Larson, The Law of Workmen's Compensation, § 80.32 (1976):
The distinction between probability and possibility should not follow too slavishly the witnesses' choice of words, as sometimes happens in respect to medical testimony. A doctor's use of such words as `might,' `could,' `likely,' `possible,' and `may have,' particularly when coupled with other credible evidence of a non-medical character, such as a sequence of symptoms or events corroborating the opinion, is in most states sufficient to sustain an award. It is a common experience of compensation and personal injury lawyers to find that the more distinguished a medical witness is, the more tentative and qualified are his statements on the witness stand....
* * * * * *
The compensation process is not a game of `say the magic word,' in which the rights of injured workers should stand or fall on whether a witness happens to choose a form of words prescribed by court or legislature. What counts is the real substance of what the witness intended to convey. .. .
* * * * * *
... Such expert testimony of the doctor, plus the corroborating evidence, constitutes substantial evidence to support the Commission's finding. This is not the first case in which this Court upheld an award of compensation where it was contended that trauma aggravated a preexisting ulcer. Such a case was New Orleans Furniture Mfg. Co. v. Martin, 190 So.2d 863 (Miss. 1966), and there the claimant's doctor testified it was `possible that the back injury aggravated the ulcer and certainly precipitated it.'" 349 So.2d at 533, 534.
*166 Dr. Warren testified that the condition in appellant's right hand could not be caused by one incident, such as she described. However, it is undisputed that she became aware of the condition in her hand while working for the employer and while on the job, and that she required surgery to correct that condition. We think that, considering all the testimony, medical and lay, there was substantial evidence to support the findings and order of the Commission. Therefore, the judgment of the lower court is reversed and the order of the Workmen's Compensation Commission is reinstated.
REVERSED AND ORDER OF WORKMEN'S COMPENSATION COMMISSION REINSTATED.
SMITH and ROBERTSON, P. JJ., and WALKER, BLOOM, BOWLING and COFER, JJ., concur.
PATTERSON, C.J., and SUGG, J., take no part.